UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MONTRELL DASHONE VENTRY                                    PLAINTIFF
ADC #141556

V.                    No. 5:18CV00301-KGB/JTR

CORRECT CARE SOLUTIONS
CORPORATION, *et al.*                                       DEFENDANTS

### RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Montrell Dashone Ventry ("Ventry") is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint, Declaration and Memorandum of Law alleging that Defendants

violated his constitutional rights. *Docs. 2, 3 & 4*.[1] Before Ventry may proceed with this case, the Court must screen his allegations.[2]

## II. Screening

### A.     Defendants Seals, Griswold and Cantrell

Ventry alleges that Defendants Nurse Mary Seals ("Seals"), Nurse LaSonya Griswold ("Griswold"), and Nurse Andria Leah Anne Cantrell ("Cantrell") provided inadequate medical care on December 7-8, 2017, when he was suffering from complications of dehydration or possible poisoning, including "extreme discomfort" in his chest, lightheadedness and dizziness, numbness and immobility "from head to toe," severe cramping, and an elevated heart rate.

Regarding Seals, Ventry alleges that, after he arrived in the infirmary at 3:17 a.m. on December 7: (1) she ignored him and told correctional officers that he should not have been allowed in the infirmary; (2) after Ventry began hyperventilating, she

---

[1] The Court has construed Ventry's *pro se* pleadings, together, as constituting his claims. *See Cooper v. Schriro,* 189 F.3d 781, 783 (8th Cir. 1999) (*pro se* pleadings must be liberally construed).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

performed an EKG, said he was dehydrated, and gave him ibuprofen; and (3) she then left him unmonitored in an infirmary isolation room for "countless hours," ignoring his cries for help as he suffered from severe body cramps, immobility, loss of cognitive ability, and eventually loss of consciousness. *Doc. 2-1 at 7-11; Doc. 4 at 4-10.*

Ventry alleges that Griswold: (1) later brought him a cup of water but placed it out of reach, refused to get it for him even though he was unable to move, and then left him alone again in the isolation room; (2) refused to draw blood to see if he had been poisoned or give him an IV to help with dehydration; (3) released him from the ward with no assessments or discharge notes, forcing him to return to his barracks; and (4) denied his requests to be seen by a cardiologist, even though testing showed an elevated heart rate, sinus tachycardia, and a "possible enlarged heart." *Doc. 2-1 at 11-12, 16, 19-22; Doc. 4 at 11-19*.

Finally, Ventry alleges that, on December 7, Cantrell: (1) made him walk back to the barracks to get his hypertension medication, even though he was vomiting, dizzy, and having severe stomach cramps; and (2) stated that "no medical abnormality" supported him staying in the infirmary. *Doc. 2-1 at 13-15; Doc. 4 at 15-17.*

The Court concludes, *for screening purposes only*, that Ventry has pled viable § 1983 inadequate medical care claims against Defendants Seals, Griswold and

Cantrell. Accordingly, in a separately filed Order, the Court has directed service on these Defendants.

### B. Defendants Kelley and Straughn

Ventry alleges that Defendants ADC Director Wendy Kelley ("Kelley") and Warden William Straughn ("Straughn") subjected him to unsafe living conditions by failing to ensure that the Cummins Unit infirmary had a proper medical alert system in place in its isolation rooms. According to Ventry, when he was left alone and immobilized in the infirmary isolation room, he was unable to call for help because he could not reach the buzzer on the wall. *Doc. 2-1 at 10; Doc. 4 at 25-27.*

The Court concludes, *for screening purposes only*, that Ventry has pled viable § 1983 inadequate medical care claims against Defendants Kelley and Straughn. Accordingly, in a separately filed Order, the Court has directed service on these Defendants.

### C. Defendant Griffin

Ventry's only allegation against Rory L. Griffin is that, as the ADC Deputy Director for Health and Correction Services, he is "legally responsible for the overall operations" of the ADC's health services. *Doc. 2-1 at 5.*

It is well settled that a supervisor may not be held vicariously liable, in a § 1983 action, for the constitutional violations of a subordinate on a *respondeat superior* theory. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009) (holding that "vicarious

4

liability is inapplicable to … § 1983 suits"); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability"). Thus, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because Ventry makes no allegations that Griffin was personally involved in violating his constitutional rights, Griffin should be dismissed, without prejudice, from this action.

### D.    Defendant CCS

Finally, Ventry names Correct Care Solutions Corporation ("CCS") as a Defendant, and he asserts that Seals, Griswold and Cantrell are CCS employees.[3] *Doc. 2-1 at 4-5; Doc. 4 at 2-3*.

In a § 1983 action, a prisoner cannot maintain a *respondeat superior* theory of liability against a corporation based upon the allegedly wrongful actions of its employees. *See Burke v. North Dakota Department of Corrections & Rehabilitation*, 294 F.3d 1043, 1044 (8th Cir. 2002). Rather, under § 1983, a corporation, acting under color of state law, can be held liable only for its unconstitutional policies or

---

[3]CCS is the contract medical provider for the ADC.

practices. *Id.* Thus, in this case, CCS can be held liable only if "there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Because Ventry has made no such allegations in this case, CCS should be dismissed, without prejudice.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Ventry be allowed to PROCEED with his inadequate medical care claims against Defendants Mary Seals, LaSonya Griswold, Andria Leah Anne Cantrell, Wendy Kelley and William Straughn.

2. Ventry's claims against Defendants Rory L. Griffin and Correct Care Solutions Corporation be DISMISSED, WITHOUT PREJUDICE.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 11th day of December, 2018.

_____
UNITED STATES MAGISTRATE JUDGE