**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**MONTRELL DASHONE VENTRY**                                    **PLAINTIFF**
**ADC #141556**
**v.**                              **Case No. 5:18-cv-00301-KGB-JTR**

**CORRECT CARE SOLUTIONS**
**CORPORATION,** *et al.*                                    **DEFENDANTS**

## ORDER

The Court has received a Recommended Partial Disposition submitted by United States

Magistrate Judge J. Thomas Ray (Dkt. No. 11). Plaintiff Montrell Dashone Ventry filed objections

(Dkt. No. 15). After careful review of the Recommended Partial Disposition and Mr. Ventry's

objections, as well as a *de novo* review of the record, the Court adopts the Recommended Partial

Disposition in its entirety as this Court's findings (Dkt. No. 11).

**I.      Objections**

Mr. Ventry objects to Judge Ray's recommendation that the Court dismiss without

prejudice Mr. Ventry's claims against defendants Rory L. Griffin and Correct Care Solutions

Corporation ("Correct Care") (Dkt. No. 15, ¶ 2). The Court addresses in turn Mr. Ventry's

objections as to each defendant.

**A.      Rory L. Griffin**

Judge Ray recommended that the Court dismiss without prejudice Mr. Ventry's claims

against Mr. Griffin because, as a supervisor, Mr. Griffin cannot be held vicariously liable in a 42

U.S.C. § 1983 action on a *respondeat superior* theory, and Mr. Ventry's only allegation against

Mr. Griffin is that, as the Arkansas Department of Correction ("ADC") Deputy Director for Health

and Correction Services, Mr. Griffin is "legally responsible for the overall operations" of ADC's

health services (Dkt. No. 11, at 4-5).

Mr. Ventry objects to Judge Ray's recommendation that the Court dismiss without prejudice Mr. Ventry's claims against Mr. Griffin (Dkt. No. 15, ¶ 2). Mr. Ventry first argues that he filed a motion to appoint counsel to assist him with his claims due to a number of defendants, including Mr. Griffin and Correct Care, being supervisory officials (Dkt. No. 15, ¶¶ 5-6).

Mr. Ventry next contends that Mr. Griffin is the Director for Health and Correction Services as well as the last step in the appeal process for the administrative grievances (*Id.*, ¶ 14). Mr. Ventry asserts that his grievances containing allegations against defendants Mary Seals, Andria Leah Anne Cantrell, and LaSonya Griswold were forwarded to Mr. Griffin, that Mr. Griffin relied on false and misleading information in response to the grievances, and that Mr. Griffin failed to investigate the facts alleged within the grievances (*Id.*, ¶¶ 15-17). Mr. Ventry also objects to Mr. Griffin's written responses to Mr. Ventry's grievances during the appeal process (*Id.*, ¶¶ 18-30).

According to Mr. Ventry, the custom of allowing medical beds inside ward cells unequipped with sufficient nursing alert devices subjected Mr. Ventry to cruel and unusual punishment (*Id.*, ¶ 42). Mr. Ventry submits that, instead of Mr. Griffin or Correct Care remedying the wrong, the responsibility for such lack of medical device was placed on the ADC and specifically on defendants Wendy Kelley and William Straughn (*Id.*).

The Court first notes that Judge Ray denied Mr. Ventry's motion to appoint counsel (Dkt. No. 12). Mr. Ventry filed a motion for reconsideration of the motion to appoint counsel (Dkt. No. 17), on which Judge Ray has not yet ruled. Mr. Ventry is not constitutionally entitled to the appointment of counsel in this civil case.

As to Mr. Ventry's objections regarding Mr. Griffin's role as the Director for Health and Correction Services as well as his role in the grievance appeal process, Judge Ray explained in the

Recommended Partial Disposition that it is well settled that a supervisor may not be held vicariously liable in a § 1983 action on a *respondeat superior* theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, a prisoner plaintiff must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). In addition, a "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

Mr. Ventry makes no allegations against Mr. Griffin in his complaint, declaration in support of complaint, or memorandum of law in support of complaint beyond that Mr. Griffin is "legally responsible for the overall operations" of the ADC's health services (Dkt. Nos. 2, 3, 4). Similarly, Mr. Ventry's complaint, declaration in support of complaint, and memorandum of law contain no basis in fact for his allegation in his objections that there was a "custom" of allowing medical beds inside ward cells unequipped with sufficient nursing alert devices thereby subjecting him to cruel and unusual punishment. Mr. Ventry filed a grievance stating that the ward he was placed in did not have an alert system (Dkt. No. 2, at 36). In his appeal of that grievance, Mr. Ventry stated that the Cummins Unit ward cells lack the proper medical alert systems (*Id.*, at 38). Mr. Ventry's current allegations do not satisfy the pleading requirements for stating an actionable claim against Mr. Griffin. Mr. Ventry acknowledges that Mr. Griffin informed Mr. Ventry through his decision that the ADC is responsible for providing medical equipment such as call lights (Dkt. No. 15, ¶ 42; Dkt. No. 2, at 40). To the extent that Mr. Ventry is pursuing that issue, ADC defendants Ms. Kelley and Mr. Straughn remain defendants in this action. For these reasons, the

Court agrees with Judge Ray's recommendation and dismisses without prejudice Mr. Ventry's claims against Mr. Griffin.

### B. Correct Care Solutions Corporation

Judge Ray also recommended that the Court dismiss without prejudice Mr. Ventry's claims against Correct Care because a corporation acting under color of state law can be held liable only for its unconstitutional policies or practices, and Mr. Ventry did not allege any policy, custom, or official action that inflicted an actionable injury (*Id.*, at 5-6).

Mr. Ventry objects to Judge Ray's recommendation that the Court dismiss without prejudice Mr. Ventry's claims against Correct Care (Dkt. No. 15, ¶ 2). Mr. Ventry repeats many of the factual allegations from his complaint in his objections and argues that he is unaware if the way his emergency situation was treated was a custom or policy (*Id.*, ¶¶ 8-10). Mr. Ventry asserts that the "serious allegations" against defendants Ms. Seals, Ms. Cantrell, and Ms. Griswold, who were "under contract by the Correct Care Solutions Corporations, thus being a representation of their policies and customs," should allow for service upon Correct Care (*Id.*, ¶ 11). According to Mr. Ventry, the custom or policy of placing inmates on ward and leaving them unattended for hours until qualified medical assistance arrives, as alleged in this case, is an allegation that must be answered through the discovery process (*Id.*, ¶ 12).

As Judge Ray explained, a prisoner cannot maintain a *respondeat superior* theory of liability against a corporation based upon the allegedly wrongful actions of its employees. *See Burke v. North Dakota Dep't of Corrections & Rehabilitation*, 294 F.3d 1043, 1044 (8th Cir. 2002). Correct Care may only be held liable for its unconstitutional policies or practices in this § 1983 action if it had a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). A "policy," for purposes of § 1983, is

"an official policy, a deliberate choice of a guiding principle or procedure made by an official with authority." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (citing *Ware v. Jackson County*, 150 F.3d 873, 880 (8th Cir. 1998). "Custom" means a "persistent, widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999); *see also Mettler*, 165 F.3d at 1204.

As discussed above, Mr. Ventry fails to allege sufficiently that Correct Care engaged in a policy, custom, or official practice of not equipping ward cells with medical alert devices and that this led directly to a violation of his constitutional rights. In his appeal of a grievance, Mr. Ventry stated that the Cummins Unit ward cells lack the proper medical alert systems (*Id.*, at 38), but he does not allege elsewhere any experiences or knowledge of the official policies, customs, or practices related to this matter. *Cf. Burke*, 294 F.3d at 1044 (finding prisoner stated a § 1983 claim where he alleged that the prison's medical services contractor's hepatitis C treatment protocol was damaging his health in violation of his Eighth Amendment rights). Mr. Ventry cites as support for his arguments cases which are non-binding authority on this Court and distinguishable based on the facts of the cases. Accordingly, the Court agrees with Judge Ray's recommendation and dismisses without prejudice Mr. Ventry's claims against Correct Care.

## II.     Conclusion

For these reasons, the Court adopts the Recommended Partial Disposition in its entirety as this Court's findings (Dkt. No. 11). The Court therefore dismisses without prejudice Mr. Ventry's claims against defendants Mr. Griffin and Correct Care.

It is so ordered this 15th day of May, 2019.

Kristine G. Baker
United States District Judge