# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MONTRELL DASHONE VENTRY**  **PLAINTIFF**
**ADC #141556**

v.  Case No. 5:18-cv-00301-KGB-JTR

**CORRECT CARE SOLUTIONS**
**CORPORATION,** *et al.*  **DEFENDANTS**

## ORDER

The Court has received a Partial Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 42). Plaintiff Montrell Dashone Ventry filed objections (Dkt. No. 45). After careful review of the Partial Recommended Disposition and Mr. Ventry's objections, as well as a *de novo* review of the record, the Court declines to adopt the Recommended Partial Disposition as this Court's findings (Dkt. No. 42).

**I.  Background**

On May 15, 2019, this Court adopted Judge Ray's previous Recommended Partial Disposition over Mr. Ventry's objections and dismissed without prejudice Mr. Ventry's claims against defendants Rory Griffin and Correct Care (Dkt. No. 33). On May 22, 2019, Judge Ray entered an Order which, *inter alia*, directed Mr. Ventry to file, within 30 days of the date of the Order, a response to remaining defendants Director Wendy Kelley and Warden William Straughn's motion to dismiss (Dkt. No. 34, at 3). Judge Ray directed Mr. Ventry to "provide a *clear statement* as to whether he is suing [d]efendants in their official capacity, in their individual/personal capacity, or in both capacities." (*Id.*) (emphasis in original). Because Judge Ray's Order was entered on May 22, 2019, the original deadline for Mr. Ventry's response was June 21, 2019. Mr. Ventry requested, and Judge Ray granted, an extension of time to file a response (Dkt. Nos. 39, 41). Mr. Ventry then had until July 15, 2019, to file his response (Dkt.

No. 41). Mr. Ventry did not file a response by July 15, 2019, and on July 19, 2019, Judge Ray submitted a Partial Recommended Disposition recommending that Director Kelley and Warden Straughn's motion to dismiss be granted and that Mr. Ventry's claims against them be dismissed without prejudice (Dkt. No. 42).

On July 22, 2019, Mr. Ventry filed a motion to amend complaint to state that, while he brought suit in his original complaint against Director Kelley and Warden Straughn in their official capacities, he now brings this action against Director Kelley and Warden Straughn in their personal capacities as well (Dkt. No. 44). Attached to the motion to amend complaint is the amended complaint (Dkt. No. 44-1). On August 2, 2019, Mr. Ventry filed objections to Judge Ray's Partial Recommended Disposition (Dkt. No. 45).

## II. Objections And Amended Complaint

Mr. Ventry objects to Judge Ray's Partial Recommended Disposition on the ground that he did amend his complaint to state clearly that he brings this action against defendants Director Kelley and Warden Straughn in their personal capacities as well as in their official capacities (Dkt. No. 45, at 2). Mr. Ventry argues that his amended complaint eliminates the basis of Director Kelley and Warden Straughn's motion to dismiss (*Id.*, at 3). He argues that he mailed the amended complaint to the United States District Court and to Director Kelley and Warden Straughn within the time given to him to respond (*Id.*).

The Court notes that, although Mr. Ventry's motion to amend complaint and amended complaint were not filed with the Court until July 22, 2019, Mr. Ventry's amended complaint reflects that a copy of it was mailed on July 15, 2019, which was his deadline to respond to Judge Ray's directive to clarify in what capacity he was suing Director Kelley and Warden Straughn (Dkt. No. 44-1, at 3). The Court also notes that Judge Ray previously determined in an Order that,

2

for screening purposes only, Mr. Ventry had pled viable 42 U.S.C. § 1983 inadequate medical care claims against Director Kelley and Warden Straughn (Dkt. No. 11, at 4). This Court adopted in its entirety as its findings Judge Ray's Order (Dkt. No. 33). For these reasons, and because of the mandate of Federal Rule of Civil Procedure 15 that the Court "should freely give leave when justice so requires," the Court grants Mr. Ventry's motion to amend complaint (Dkt. No. 44) and directs Mr. Ventry to file the amended complaint within 14 days from the entry of this Order. *See Ailshire v. Darnell*, 508 F.2d 526, 528 (8th Cir. 1974) (directing the district court to afford pro se plaintiff an opportunity to amend his pleading in the light of Rule 15's mandate that leave to amend shall be freely given, the liberal construction ordinarily afforded pro se civil rights complaints, and the fact that the plaintiff's reasoning was "not totally without legal support"); *see also United States v. Harrison*, 469 F.3d 1216, 1217 (8th Cir. 2006) ("Under the prison mailbox rule, a pro se pleading is deemed filed upon deposit in the prison mail system prior to the expiration of the filing deadline."); *Sulik v. Taney Cty.*, 316 F.3d 813, 814-15 (8th Cir. 2003), *overruled on other grounds*, 393 F.3d 765 (8th Cir. 2005) (determining that the prison mailbox rule provides that, if an inmate confined in an institution files a complaint, the complaint is timely if it is deposited in the institution's internal mail system on or before the last day for filing).

**III.    Conclusion**

For these reasons, the Court declines to adopt the Recommended Partial Disposition as this Court's findings (Dkt. No. 42). The Court grants Mr. Ventry's motion to amend complaint (Dkt. No. 44). The Court directs Mr. Ventry to file the amended complaint within 14 days from the entry of this Order. Accordingly, Mr. Ventry's claims against Director Kelley and Warden Straughn remain pending.

It is so ordered this 26th day of August, 2019.

                                                  Kristine G. Baker
                                                  United States District Judge